**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff-Appellee,

ALLEN Z. WOLFSON,

Appellant,

v.

RICHARD D. CLAYTON,

Receiver-Appellee.

No. 06-4085
(D.C. No. 2:03-CV-914-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **KELLY** and **O'BRIEN**, Circuit Judges.

The Securities and Exchange Commission (SEC) commenced this civil

enforcement action in October 2003, charging numerous individual and corporate

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants with violating the federal securities laws by fraudulently raising funds from investors located primarily in the United Kingdom. The SEC's complaint sought injunctive, statutory, and equitable relief against the defendants, including disgorgement of their wrongful gains. On October 31, 2003, the SEC moved for appointment of a receiver to marshal and preserve the defendants' assets. On January 12, 2004, the district court appointed appellee Richard D. Clayton receiver for this purpose, giving him broad powers to preserve, take control of, and liquidate the defendants' property for the benefit of the defrauded investors. The receiver proceeded to discharge his duties, while the SEC obtained consent judgments from many of the defendants, including an individual defendant, David Wolfson.

A year and a half later, on June 10, 2005, appellant Allen Z. Wolfson, who was not a defendant or otherwise a party to the action, filed a Motion for Appointment of Attorney with the district court. In this pleading, he identified himself as the father of defendant David Wolfson and explained that he was currently jailed at the Metropolitan Detention Center in New York City. Asserting that he had been "stripped of all my assets illegally and fraudulently by [the receiver]," R., Vol. XIX, doc. 478, at 1, Mr. Wolfson requested that the district court appoint counsel for him to assist him in regaining his assets. He did not formally request to intervene in the action.

The SEC opposed the motion, arguing that Mr. Wolfson was not entitled to court-appointed counsel; that he was not entitled to intervene in the action; and that properties in which he asserted ownership were subject to a power of attorney and control by his son, David Wolfson, and had been used in furtherance of the illegal stock fraud scheme. A magistrate judge struck Mr. Wolfson's motion by minute entry on July 25, 2005, for the reasons stated by the SEC in its opposition brief.

Mr. Wolfson thereafter filed a number of pro se pleadings with the district court. Although none of these pleadings was expressly entitled a motion to intervene, two of them did discuss intervention under Fed. R. Civ. P. 24(a) in some detail. On November 29, 2005, Mr. Wolfson filed his "Response to Richard Clayton Receiver and the Securities Exchange Commission to Disregard Allen Wolfson Notice of Lien and Violation of His Constitutional Rights." R., Vol. XXI, doc. 545. In his motion, Mr. Wolfson stated that it was "brought pursuant to Federal Rule of Civil [P]rocedure 24(A)(2) (Intervention of Right)." *Id.* at 2. He then argued that he met the requirements for intervention under Rule 24(a). On February 3, 2006, Mr. Wolfson filed a "Motion for District Court Judge To Rule." R., Vol. XXI, doc. 580. He again recited that he met all the requirements for intervention under Rule 24(a), and set forth an argument concerning how each of the requirements was met.

On March 9, 2006, the district court entered an order striking Mr. Wolfson's outstanding motions and other pleadings. *Id.*, Vol. XXII, doc. 592. The district court stated that Mr. Wolfson's motions "are all denied because Mr. Wolfson is not a party to this action." *Id.* at 1. It further found that "he has never moved to intervene in this action, nor has he demonstrated that he should be permitted to intervene." *Id.* Finally, the court noted that "[a]t this point in the litigation" it "would not permit his intervention in any event." *Id.* Mr. Wolfson filed a timely notice of appeal from this order.

**1. Jurisdictional Issue**

The receiver and the SEC contend that we lack jurisdiction over this appeal, because the case is ongoing and there is no final order denying intervention which could form the basis for an interlocutory appeal. "An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action." *Hutchinson v. Pfeil*, 211 F.3d 515, 518 (10th Cir. 2000) (quotation omitted). In support of their contention, the receiver and the SEC argue that Mr. Wolfson has never moved to intervene and therefore is not entitled to an appeal from a denial of intervention. They further argue that the district court did not enter an appealable order denying a motion to intervene, because it concluded it had no such motion before it.

If Mr. Wolfson did in fact move to intervene, however, our jurisdiction would not be defeated merely because the district court failed to recognize and

rule on his motion. "[F]ailure to rule on a motion to intervene can be interpreted as an implicit denial" of the motion. *Toronto-Dominion Bank v. Central Nat'l Bank & Trust Co.*, 753 F.2d 66, 68 (8th Cir. 1985). This is particularly true where the district court's delay in ruling or failure to rule may, as a practical matter, impair the assertion of the intervenor's interest in the subject matter of the suit. *See Americans United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990). Here, Mr. Wolfson claimed that he was entitled to intervene to prevent his property from being liquidated by the receiver. If he in fact filed a colorable motion to intervene, the district court's failure to rule on it was the practical equivalent of an appealable denial.

We must determine, then, whether the district court should have treated Mr. Wolfson's pleadings (nos. 545, 580) as Rule 24 motions to intervene. The question is not whether these motions had merit or were procedurally adequate, but rather whether they were intervention motions at all. Rule 24(c) provides that

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.

Documents 545 and 580 were served on the parties. Although neither was formally titled "motion to intervene," each did state the grounds on which Mr. Wolfson sought to intervene in the action. Neither was "accompanied by a

pleading setting forth the claim or defense for which intervention is sought" as required by Rule 24(c). While this might have provided grounds for denial of the motions as procedurally inadequate, it hardly disqualified them *as motions to intervene. C.f., e.g., Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 313-14 (6th Cir. 2005) (collecting cases analyzing procedural compliance with Rule 24(c) separate pleading requirement under "lenient" and "strict" approaches). We therefore conclude that the district court did have a motion or motions to intervene before it, and, for purposes of appellate finality, essentially denied the motions. A district court order "denying a motion to intervene" therefore exists, and we have jurisdiction to consider this appeal.

## 2. Merits of Intervention Motion

The pleadings filed by Mr. Wolfson appear to be procedurally deficient under Rule 24(c), and the district court indicated "[a]t this point in the litigation, the court would not permit [Mr. Wolfson's] intervention in any event." R., Vol. XXII, doc. 592, at 1. We have therefore carefully considered whether to affirm the denial of intervention based on the procedural inadequacy or untimeliness of Mr. Wolfson's motions.

Issues involving the procedural adequacy of a Rule 24 motion are reviewed for an abuse of discretion, as an issue involving the "supervision of litigation." *Providence Baptist Church*, 425 F.3d at 313. This includes determination of whether such a motion should be denied as untimely. *See Coalition of*

*Arizona/New Mexico Counties v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996). Since the district court did not exercise its discretion, it left us no reviewable decision on the procedural adequacy of the motion. The district court's dictum concerning timeliness of the motion also falls short of an express ruling on a motion to intervene. It supplies no reviewable reasoning for denying the motion as untimely. We therefore decline to affirm on the grounds that the motion was either untimely or procedurally inadequate.

We also decline to follow the appellees' suggestion that we affirm the denial of Mr. Wolfson's motions on the merits, reaching the Rule 24 factors for the first time on appeal. While there is some authority that intervention as of right is to be reviewed de novo, *see, e.g., City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996), the issues involved in determining whether Mr. Wolfson actually has an interest requiring protection and whether intervention is required to protect that interest require fact-finding that would be inappropriate for resolution by an appellate court, particularly given the voluminous record.

In sum, Mr. Wolfson presented the district court with a colorable attempt to intervene in this action. While not explicitly titled "motion to intervene," his attempts to intervene addressed the relevant factors under Rule 24. Under the Rules, "[n]o technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e)(1). While it may be that his motions should have been denied for procedural

or substantive deficiencies, the district court did not exercise its discretion to rule on them, treating them instead as something other than motions to intervene. We must therefore vacate its decision and remand for appropriate consideration and any necessary fact-finding concerning the motions.

The judgment of the district court is therefore VACATED to the extent it denied Mr. Wolfson's attempts to intervene in this action without treating them as motions to intervene, and the case is REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

Deanell R. Tacha
Chief Circuit Judge