**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff-Appellee.

ALLEN Z. WOLFSON,

       Appellant,

v.

DAVID K. BROADBENT,

       Receiver-Appellee.

No. 08-4073
(D.C. No. 2:03-CV-00914-TS-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

The district court denied Allen Z. Wolfson leave to intervene in this civil

enforcement action brought by the Securities and Exchange Commission (SEC)

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against a number of defendants including his son, David M. Wolfson. He appeals. We affirm.

The facts of this case are detailed in our decision on Mr. Wolfson's previous appeal, *Wolfson v. Clayton*, 253 F. App'x. 752 (10th Cir. 2007). We repeat only the essentials here.

Mr. Wolfson, who is not a party to this enforcement action, filed a plethora of pleadings in it. He contended that a court-appointed receiver had improperly seized and disposed of assets belonging solely or primarily to him ("Purported Wolfson Assets"). He stated he gave David Wolfson power of attorney over the assets in order to manage them while Mr. Wolfson was in prison, but never transferred ownership of them to David Wolfson.

The district court struck Mr. Wolfson's pleadings because he was not a party to the action and had never moved to intervene in it. Our review of his pleadings, however, persuaded us that two of his filings did represent attempts to intervene. We therefore remanded to the district court to determine whether intervention should be permitted. *Id.* at 756. Upon consideration, the district court denied intervention.

## I. Timeliness of Motion to Intervene

"Under [Fed. R. Civ. P.] 24(a), an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's

-2-

interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).[1]  Addressing these factors, the district court determined on remand that (1) Mr. Wolfson's motions for intervention were untimely; (2) he failed to substantiate his claim of sole ownership of the Purported Wolfson Assets; (3) in light of the findings already made concerning his ownership and his other avenues for redress that would not prejudice the parties to this action, his interest would not be impaired or impeded; and (4) although his rights were not adequately represented as a non-party, the other factors weighed against him and he was therefore not entitled to intervention as a matter of right.  Because we conclude that the district court permissibly denied Mr. Wolfson's motions as untimely, we need not consider its other bases for denying intervention.

We review the district court's order denying a motion to intervene as untimely for an abuse of discretion.  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).  "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant

---

[1]     Rule 24(a)(2) provides in relevant part that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Id.* at 1250 (quotation omitted). "The analysis is contextual; absolute measures of timeliness should be ignored." *Id.* (quotation omitted). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.* (quotation omitted).

### A. Length of Time Since Mr. Wolfson Knew of His Interest

In February 2004, the receiver requested that the receivership be expanded to include assets that Mr. Wolfson now claims as his own. The receiver provided evidence that David Wolfson and others had transferred a large amount of funds from defrauded investors into the Purported Wolfson Assets, making them a proper subject of the receivership. The receivership was expanded to include these assets on February 23, 2004.

The district court entered a consent judgment against David Wolfson on December 21, 2004. That judgment noted that David Wolfson had already satisfied his obligation to disgorge wrongfully-obtained profits by transferring to the receiver his interest in various assets, including the Purported Wolfson Assets. Mr. Wolfson does not argue that his son failed to communicate with him the facts of the disgorgement. He only states that it was his impression that the Purported

-4-

Wolfson Assets would not be included because David Wolfson had notified the receiver that he only had a power of attorney over them.

Mr. Wolfson did not file his first colorable motion to intervene until November 29, 2005, nearly a year later. Well prior to filing this motion to intervene, he was on notice of the receivership's actions, evidenced by the fact that he began filing non-intervention pleadings in this action as far back as June 2005. Thus, Mr. Wolfson had notice of the receivership's effect on his alleged interest in the Purported Wolfson Assets long before he moved to intervene.

**B. Prejudice to the Receiver**

In the meantime, the receiver relied upon the receivership orders in carrying out his duties of marshaling and liquidating assets for the benefit of defrauded investors and creditors. A number of these assets have already been sold, some prior to the filing of Mr. Wolfson's first colorable motion to intervene. The receiver would be greatly prejudiced if forced to attempt to undo the steps he has taken to marshal and to liquidate these assets.

**C. Prejudice to Mr. Wolfson**

Mr. Wolfson has failed to substantiate his allegation that his own interests would be unduly prejudiced if he were denied permission to intervene. Although he claims that he merely granted his son power of attorney because he was going to prison, the evidence of record shows that David Wolfson assumed control and purported ownership of the operations, accounts, and assets of the Purported

Wolfson Assets. He then used them as a conduit for money stolen from investors. As the receiver has explained, the claims procedure and distribution process will permit Mr. Wolfson to make a claim and to dispute the receiver's proposed distribution.[2] If he does file a claim, the district court should of course supply him with any notice and hearing in connection with that claim necessary to comport with due process. *See SEC v. Elliott*, 953 F.2d 1560, 1570-71 (11th Cir. 1992).

### D. Existence of Unusual Circumstances

Mr. Wolfson points to no unusual circumstances that would excuse the untimely filing of his motions to intervene. His incarceration has not prevented him from filing numerous pleadings in this action.

### E. Conclusion

The district court did not abuse its discretion in determining that Mr. Wolfson's motions to intervene were untimely. We therefore affirm the denial of these motions.

### II. Pendency of Rule 60(b) Motion

Mr. Wolfson also complains that the district court has ignored his other filings regarding this matter, including a motion he filed under Fed. R. Civ. P.

---

[2] Although Mr. Wolfson asserts that the receiver has improperly disposed of his properties for pennies on the dollar, he points us to no evidence establishing any actual discrepancy between the market value of the properties and the prices obtained by the receiver.

60(b) after our remand but prior to the entry of the order denying his motion to intervene from which this appeal is taken.

> If the district court denies [a motion to intervene], the proper procedure is to pursue an immediate appeal, and not to file repetitive motions pestering the district court. This is true regardless of how the motions are labeled where the substance of the motions and purported justification for intervention remain unchanged.

*Plain v. Murphy Family Farms*, 296 F.3d 975, 980 (10th Cir. 2002).

Mr. Wolfson's latest notice of appeal referenced only the denial of his motions to intervene. He has not sought mandamus relief to compel the district court to decide his Rule 60(b) motion. Given the availability of this direct appeal from a final order denying intervention, we will not construe his notice of appeal to include a request for mandamus relief.

The order of the district court denying intervention is AFFIRMED. Mr. Wolfson's motion for an injunction pending appeal is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge