**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALLEN Z. WOLFSON,

          Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
DAVID ESSEKS, individually;
THOMAS MELTON, individually;
KAREN L. MARTINEZ, individually;
CHRISTOPHER PAIK, individually;
HOLLAND & HART; SARAH G.
SCHWARTZ, individually; BONNIE
KARTZMAN, individually; MARK
HIRATA, individually; AVRAHAM
MOSKOWITZ, individually;
CHRISTOPHER BRUNO,
individually; ROBERT HOTZ,
individually; DAVID K.
BROADBENT, individually,

          Defendants-Appellees.

No. 08-4218
(D.C. No. 2:06-CV-00994-DB)
(D. Utah)

---

ALLEN Z. WOLFSON,

          Plaintiff-Appellant,

v.

SECURITIES AND EXCHANGE
COMMISSION; UNITED STATES
OF AMERICA; HOLLAND & HART;
THOMAS MELTON; DAVID

No. 08-4219
(D.C. No. 2:07-CV-00219-DB)
(D. Utah)

ESSEKS; MICHAEL GARCIA;
CHRISTOPHER BRUNO; GINO
CARLUCCI; ROBERT HOTZ;
DAVID K. BROADBENT,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

We have consolidated these appeals for purposes of disposition.

Mr. Wolfson filed these actions pro se alleging violations of his civil rights. In

each case, he charged that the defendants had improperly imprisoned him and had

seized his assets without notice or hearing in violation of the Fifth and Fourteenth

Amendments.

The district court permitted him to proceed in forma pauperis (IFP). *See*

28 U.S.C. § 1915. A magistrate judge assigned to the cases recommended that

they be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), reasoning that

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Wolfson's allegations concerning the purported improper seizure and sale of his assets failed to state a claim, and that his remaining claims were frivolous. After considering Mr. Wolfson's objections to the magistrate judge's report, the district court dismissed both cases.

On appeal, Mr. Wolfson challenges only the dismissal of his claims regarding the receiver's seizure and sale of his assets. His complaint recites that these actions were taken without due process of law. The district court, taking judicial notice of the pleadings in the receivership action that resulted in the seizure, determined that "the assets at issue were under the control *and ownership* of [Mr. Wolfson's son,] David Wolfson." District Court Order, at 3 (emphasis added). It therefore concluded that Mr. Wolfson failed to state a claim in these actions based on improper seizure of his assets. We affirm the district court's decision to dismiss the due process claims, but for a slightly different reason.

In his motion to intervene in the prior receivership action, Mr. Wolfson asserted that when he went to prison, he gave his son power of attorney over his assets. The Securities and Exchange Commission (SEC) then filed a civil enforcement action against his son and others, charging that they had transferred a large amount of funds from defrauded investors into assets including those that Mr. Wolfson now claims as his own. The court in the civil enforcement action appointed a receiver to deal with these assets. Mr. Wolfson's son entered into a

consent decree in which he conveyed his interest in the property to the receiver. Mr. Wolfson alleges that the receiver improperly used the consent decree to seize properties for which his son held only power of attorney on his behalf.

At the core of due process are the requirements of notice and a meaningful opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). The pleadings in the receivership action, together with Mr. Wolfson's representations, demonstrate that these requisites have been satisfied. He does not contest the fact that his son, who by his own admission held power of attorney for him, received notice and had an opportunity to be heard prior to the seizures. *See United States v. All Monies from Account No. PO-204,675.0*, No. 97-1250, 1998 WL 769811, at *2-*3 (10th Cir. Oct. 29, 1998) (holding that incarcerated claimant asserting beneficial interest in bank account received constitutionally adequate notice of pending forfeiture when notice was mailed to law firm that had power of attorney for claimant, and to bank that held the funds). In addition, Mr. Wolfson had the opportunity to be heard personally through a timely motion to intervene in the receivership action, which he forfeited by his untimely motions. Finally, the government has provided a post-deprivation procedure in which Mr. Wolfson can participate, by making a claim and disputing the receiver's proposed disposition of receivership assets. *In re SEC (Wolfson v. Broadbent)*, 296 F. Appx. 637, 640 (10th Cir. 2008), *cert.*

*denied*, 129 S. Ct. 1323 (2009). The district court therefore correctly dismissed Mr. Wolfson's due process claims for failure to state a claim.

Mr. Wolfson also argues that the district court should not have dismissed his complaints pursuant to the Prison Litigation Reform Act (PLRA), because he was not a "prisoner" within the meaning of the statute. Mr. Wolfson sought and obtained IFP status in the district court, representing himself as someone who "meets all the requirements of [PLRA]." R., No. 08-4219, Vol. II at 1. Notwithstanding this prior representation, he now contends that he "is not consider[ed] a prisoner because he was on administrative hold waiting to be sentenced" and was then civilly committed rather than made a "prisoner." Aplt. Br., No. 08-4218, at 21; No. 08-4219, at 21. But he did not make this argument in his objections to the magistrate judge's report and recommendation, which recommended that his claims be dismissed under § 1915(e)(2)(B). Therefore, the argument is waived and we will not consider it. *See, e.g., Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (stating party who fails to object to magistrate judge's findings and recommendations waives appellate review of factual and legal issues).

To the extent Mr. Wolfson argues that PLRA does not apply to him for purposes of prosecuting this *appeal*, because he has been sentenced under 18 U.S.C. § 4244(d) to civil commitment until he regains competency, we must

-5-

also reject his argument. As used in § 1915, the term "prisoner" means "any person incarcerated or detained *in any facility* who is accused of, convicted of, *sentenced for*, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added). A person sentenced under § 4244(d) is to be hospitalized "for care or treatment in a suitable facility" and his "commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. § 4244(d). A person civilly committed pursuant to § 4244(d) therefore qualifies as a "prisoner" for purposes of PLRA.[1]

---

[1] The cases Mr. Wolfson cites to the contrary are inapplicable. *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000), involved a detainee who had been civilly committed under California's Sexually Violent Predators Act *after* he finished serving his criminal sentence. *Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001), involved an inmate who was held in a state hospital after being found *not guilty* by reason of insanity. *Agyeman v. I.N.S.*, 296 F.3d 871 (9th Cir. 2002) and *LaFontant v. I.N.S.*, 135 F.3d 158 (D.C. Cir. 1998), concerned alien detainees who were not facing criminal charges.

The judgment of the district court is AFFIRMED. Mr. Wolfson's motion to proceed in forma pauperis is GRANTED. His "Objection to Status of Prisoner as Defined by the PLRA" is DENIED and the clerk's office is directed to issue an order in Case No. 08-4218 assessing partial payments. In Case No. 08-4219, Mr. Wolfson was previously ordered to make partial payments and we remind him that he remains obligated to continue making partial payments until his filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1).

Entered for the Court


Mary Beck Briscoe
Circuit Judge
