*146
JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The Court has determined that the issues presented occasion no need for oral argument. See D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the judgment of the district court be affirmed.
The district court properly dismissed Allen Wolfson’s Fifth Amendment claim against the Securities and Exchange Commission (SEC), the United States of America, and three private parties' — the law firm Holland & Hart LLP, and two individuals, Richard Clayton and David Broad-bent — as barred by issue preclusion. Appellant’s claim arises from an SEC action against his son, David Wolfson, who allegedly received a power of attorney over appellant’s assets when appellant was imprisoned. Wolfson v. United States, 336 Fed.Appx. 792, 794-95 (10th Cir.2009). Specifically, appellant alleges that certain assets transferred to a receiver following a settlement agreement between the SEC and his son belong to appellant, and were transferred without providing appellant with notice or a hearing in violation of his due process rights under the 5th Amendment. Appellant’s Br. at 10.
Appellant has already filed a materially identical claim in a Utah district court, similarly claiming that the form of notice employed by the SEC here, and in the very same proceedings, deprived him of his assets without due process of law. Wolfson v. United States, Nos. 2:06-CV-421, 2:06-CV-422, 2:06-CV-435, 2:06-CV-966, 2:06-CV-994, 2:07-CV-219, 2008 WL 4919262 (D.Utah Nov.17, 2008). The district court dismissed that claim. Id. at *2. Allen Wolfson appealed that dismissal, which the Tenth Circuit then affirmed, reasoning as follows:
At the core of due process are the requirements of notice and a meaningful opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The pleadings in the receivership action, together with Mr. Wolfson’s representations, demonstrate that these requisites have been satisfied. He does not contest the fact that his son, who by his own admission held power of attorney for him, received notice and had an opportunity to be heard prior to the seizures. See United States v. All Monies from Account No. PO-204,675.0, No. 97-1250, 1998 WL 769811, at *2-*3 (10th Cir. Oct.29, 1998) (holding that incarcerated claimant asserting beneficial interest in bank account received constitutionally adequate notice of pending forfeiture when notice was mailed to law firm that had power of attorney for claimant, and to bank that held the funds). In addition, Mr. Wolfson had the opportunity to be heard personally through a timely motion to intervene in the receivership action, which he forfeited by his untimely motions. Finally, the government has provided a post-deprivation procedure in which Mr. Wolfson can participate, by making a claim and disputing the receiver’s proposed disposition of receivership assets.
Wolfson v. United States, 336 Fed.Appx. 792, 794 (10th Cir.2009). The Tenth Circuit’s conclusion that appellant has received adequate process under the Fifth Amendment precludes him from relitigat-ing that issue here. United States v. Mendoza, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (“Under the judicially developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involv *147 ing a party to the prior litigation.”); Yamaha Corp. of America v. United States, 961 F.2d 245, 254 (D.C.Cir.1992) (describing standard for issue preclusion).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cir Rule 41.