**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEULAH PLAIN, an individual, as
personal representative of the estate
of Donald Jack Plain, deceased,

      Plaintiff-Appellee,

v.

MURPHY FAMILY FARMS,
a North Carolina corporation,

      Defendant-Appellee.

---

A.R. PLAIN; DONNA KENNETH;
GLENNA WHITE,

      Appellants.

No. 01-6257

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 00-CV-770-A)**

---

Submitted on the briefs:    *

---

\* After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without
oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case
is therefore ordered submitted without oral argument.

Shannon F. Davies, Andrew W. Lester, and R. Scott Thompson of Lester, Loving & Davies, P.C., Edmond, Oklahoma, for Plaintiff-Appellee.

E.W. Keller of Keller, Keller & Dalton, Oklahoma City, Oklahoma, for Appellants.

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

Donald Jack Plain died    after his truck slid into a hog waste pond owned and maintained by Defendant Murphy Family Farms.  The decedent's widow, Plaintiff Beulah Plain, as named personal representative of the estate, filed this diversity action, 28 U.S.C. § 1332, under Oklahoma law against Defendant for wrongful death.  See 12 Okla. Stat. § 1053.  A jury awarded Plaintiff $3.5 million in damages.  The district court reduced the damage award to $1.9 million based on the jury's finding of comparative negligence.  The district court distributed the award as follows: (1) $50,000 to decedent's son, A.R. Plain; (2) $40,000 to decedent's daughter, Donna Kenneth; (3) $40,000 to decedent's daughter, Glenna White; (4) $600,000 to decedent's estate for distribution through the probate court; and (5) the remainder to Plaintiff.  Decedent's three adult children, all of whom repeatedly but unsuccessfully attempted to intervene in the district court, now seek to appeal from the denial of their motion for a new trial, or in the alternative, relief from judgment.  Specifically, the children argue

the district court erred by (1) denying their requests to intervene, and (2) rejecting their proposal to apportion damages. We affirm in part and dismiss in part.

## I.

Plaintiff is the children's stepmother. According to the children, they "enjoy[] an unusually acrimonious relationship with Mrs. Plain." Apparently the children enjoyed a similar relationship with their father as he did not provide for them in his will. Initially, the children unsuccessfully contested in Oklahoma state court Plaintiff's appointment as named representative of their father's estate. Subsequently, seven months before trial, the children moved to intervene as of right in the wrongful death action before the district court. See Fed. R. Civ. P. 24(a).[1] Less than three weeks later, the district court denied their motion reasoning that Oklahoma law only permits the representative of an estate to pursue a wrongful death claim.[2]

---

[1] Rule 24(a) provides in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[2] Oklahoma law provides in relevant part that "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter . . . ." 24 Okla. Stat.

(continued...)

Three months prior to trial, the children filed a motion to reconsider, or, in effect, a second motion to intervene. The district court denied the motion the next day. The children next filed a timely appeal with this Court. Plain v. Murphy Family Farms, No. 01-6069 (10th Cir., filed March 6, 2001).[3] When the district court refused to stay the trial, however, the children moved to voluntarily dismiss their appeal because, according to the children, the trial "will render the issues moot." We dismissed the appeal. See Fed. R. App. P. 42(b).

At trial, Plaintiff called each of decedent's children to testify briefly. Plaintiff did not question the children in any detail about their relationship with her. After the jury rendered its verdict, the district court invited the children to file an amicus brief on the issue of the damage award's distribution. In response, the children filed a motion for a new trial. In the alternative,

---

[2](...continued)
§ 1053(A). The Oklahoma Supreme Court has construed § 1053(A) to mean that "[a] wrongful death claim may be pressed only by persons authorized to bring it." Ouellette v. State Farm Mut. Auto. Ins., 918 P.2d 1363, 1366 (Okla. 1994) (emphasis in original).

[3] Because over thirty days had passed since the district court denied the children's first motion to intervene, the children's appeal was timely only as to their motion to reconsider. See Fed. R. App. P. 4(a).

the children proposed a division of the damage award.[4]  The district court denied their motion for a new trial, rejected their proposed division of the damage award, and entered an order dividing the award as indicated.  In denying the children's request for a new trial, the court reasoned that Plaintiff's counsel had ably represented the estate, obtaining a multi-million dollar verdict.  The court based its limited damage award to the children upon undisputed evidence that the children had only minimal contact with their father for over a decade prior to his death.  Following entry of final judgment, the children filed a second motion for a new trial or, in the alternative, relief from judgment.  The district court denied the motion and the children appealed.

## II.

At the outset, Plaintiff suggests we lack jurisdiction over the children's appeal because they were "nonparties" in the district court.  According to Plaintiff, the children's failure to pursue their original appeal leaves them without a remedy.  To be sure, the children's, or more specifically, their counsel's unremitting and repetitive motion practice in the district court has

---

[4]  The children proposed the following division of the $1,912,500 damage award:

1. To Plaintiff for pecuniary loss of support------------------$ 18,753.34
2. To decedent's estate for pain and anguish--------------------946,873.34
3. To Plaintiff for loss of consortium and grief-----------------236,718.33
4. To each of the children for loss of consortium and grief---236,718.33

created a jurisdictional thicket. We conclude our jurisdiction over this appeal is limited to a review of the district court's order apportioning the damages.[5]

## A.

To support her argument, Plaintiff relies on Marino v. Ortiz, 484 U.S. 301 (1988) (per curiam). In Marino, the Supreme Court held that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." Id. at 304. The Supreme Court's recent decision in Devlin v. Scardelletti, 122 S. Ct. 2005, 2009 (2002), explained, however, that the Court had "never . . . restricted the right to appeal to named parties to the litigation." Instead, the label "party" indicates not "an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." Id. at 2010. In Devlin, the Court held that a nonnamed member of a class who objects in a timely manner at a fairness hearing to the approval of a settlement may bring an appeal without first intervening in the underlying class action suit. Id. at 2013. The Court explained:

> To hold otherwise would deprive nonnamed class members
> of the power to preserve their own interests in a settlement that

---

[5] Both Plaintiff and Defendant Murphy Family Farms have filed motions to dismiss the children's appeal for lack of jurisdiction. See Fed. R. App. P. 27; 10th Cir. R. 27.2. Defendant has chosen not to submit an appellate brief. Both motions have been referred to this panel for disposition. Because our discussion in Part II of the opinion adequately addresses and rules upon the legal arguments presented in the motions, we deny them as moot.

will ultimately bind them, despite their expressed objections before the trial court. . . . [A]ppealing the approval of the settlement is petitioner's only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court might find legally inadequate.

Id. at 2011; see also Dietrich Corp. v. King Res. Co., 596 F.2d 422, 423-24 (10th Cir. 1979) (exercising jurisdiction over trial consultant's appeal from district court order directing law firms to pay him a sum certain from fee award contrary to prior fee agreements).

Devlin undoubtedly directs us to exercise jurisdiction over that portion of the children's appeal challenging the district court's apportionment of damages. As decedent's heirs, the children have a unique interest (not unlike unnamed members of a class) under Oklahoma law in the distribution of the wrongful death damage award. Oklahoma law provides that the children are entitled to recover for "mental pain and anguish suffered by the decedent," "pecuniary loss to the survivors," and the "grief and loss of companionship of the children." 12 Okla. Stat. § 1053(B).[6] To deny the children the right

---

[6] Although Plaintiff frames the issue in terms of standing, the children easily satisfy constitutional standing requirements. As heirs of the decedent, the children have an interest in the resolution of estate claims "that creates a 'case or controversy' sufficient to satisfy the constitutional requirements of injury, causation, and redressability." Devlin, 122 S. Ct. at 2009. Nor does the children's appeal raise prudential standing concerns. The legal rights the children assert are their own, the children belong to a limited class of interested parties, and their claims fall within the zone of interests protected by Oklahoma law. See id.

-7-

of appellate review would be, in effect, to deny them the right to challenge a binding division of damages which they timely opposed by invitation in the district court, and appealed at the earliest opportunity. Appealing the district court's final judgment as it pertains to the apportionment of damages is the appropriate means of seeking review of this disposition. See Devlin, 122 S. Ct. at 2011.[7]

B.

In contrast, we conclude we lack jurisdiction to review the children's challenge to the district court's denial of their second motion for a new trial. Notwithstanding Devlin, allowing "nonparties" in the district court to appeal a district court judgment remains an exception to the general rule established in Marino. See Castillo v. Cameron County, 238 F.3d 339, 349 (5th Cir. 2001). Those seeking to participate in the underlying resolution of the merits of a lawsuit must make "timely application" to intervene under Fed. R. Civ. P. 24. See Utah

---

[7] Plaintiff suggests that even if appellate jurisdiction might otherwise be proper, the children's appeal is untimely. We disagree to the extent the children seek to challenge the district court's distribution of the damage award. On May 21, 2001, the district court entered first an order of distribution and then a final judgment directing distribution. Ten days later on May 31, 2001, the children filed a motion for new trial or for relief from judgment challenging, among other things, the apportionment of damages. See Fed. R. Civ. P. 59(e). (The district court docket incorrectly identifies the motion as Plaintiff's). This motion tolled the thirty day time period for filing the notice of appeal. See Fed. R. App. P. 4(a). The court denied the children's motion on June 12, 2001. The children timely filed their notice of appeal on July 2, 2001.

Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001) (discussing "timeliness" within the meaning of Rule 24). If the district court denies that motion, the proper procedure is to pursue an immediate appeal, and not to file repetitive motions pestering the district court. This is true regardless of how the motions are labeled where the substance of the motions and purported justification for intervention remain unchanged. As we stated in Hutchinson v. Pfeil, 211 F.3d 515, 518 (10th Cir. 2000):

> An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action. This is because denial of intervention precludes the proposed intervenor's ability to appeal the later judgment (and at that time to challenge the earlier denial of intervention). Thus, an appeal from the denial of intervention cannot be kept in reserve; it must be taken within thirty days of the entry of the order, or not at all.

(internal quotations and citations omitted). The reason for the rule is simple: considering an immediate appeal from a timely pretrial motion to intervene is more efficient and less costly than permitting a proposed intervenor to wait and see if the trial's outcome leaves intervention desirable with its attendant risk of undoing what the trial court has already done. See 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure §3902.1 at 113 (1992).

In this case, the children timely initiated an appeal after the district court denied their pretrial motion to reconsider their first motion to intervene. The

children argued then, as they do now, that Plaintiff could not adequately represent their interests and the court should permit counsel of their own choosing to participate in the trial. When Plaintiff moved to dismiss the appeal, however, the children indicated they had no objection to dismissal as the scheduled trial "will render the issues moot." Yet, as evidenced by the children's repetitive motions in the district court and present appeal, the impending trial apparently did not render moot their claim to intervene under Fed. R. Civ. P. 24(a). When the district court refused to stay the trial pending appeal, the proper procedure, as outlined in Fed. R. App. P. 8(a)(2), entailed moving this Court to stay the trial. Such a motion would have provided us with a timely opportunity to review the merits of the children's claim and decide whether a stay was warranted pending final resolution of their appeal.

We do not believe we can review now what we could have reviewed then. The children's current appeal, to the extent its requests a new trial in which they be permitted to participate, seeks "review lost" by their failure to follow proper procedure the first time. See Hutchinson, 211 F.3d at 519 (noting that movant's request to intervene in appeal "is, in effect, an attempt to obtain appellate review lost by her failure to timely appeal the denial of her motion to intervene in district court"); B.H. By Pierce v. Murphy, 984 F.2d 196, 199 (7th Cir. 1993) (rejecting movant's "improper attempt, by filing a virtually identical intervention motion,

to circumvent his failure to appeal the first motion's denial within the required time"). Because the children were not parties to the wrongful death suit and because they failed to pursue a timely appeal of the district court's pretrial order denying them the right to intervene, they, as nonparties, may not now attack the judgment by seeking to appeal the district court's denial of their motion for a new trial. Accordingly, the sole matter over which we have appellate jurisdiction under 28 U.S.C. § 1291 is the district court's final decision apportioning the damage award.

## III.

District court findings on proof of damages are findings of fact which we review for clear error under Fed. R. Civ. P. 52(a). Nieto v. Kapoor, 268 F.3d 1208, 1221 (10th Cir. 2001). Court-apportioned damages "are treated as fact and should not be reversed if they are at least roughly correct, since the district court is allowed considerable leeway." 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 2.232 at 2-129 (3d ed. 1999) (internal footnotes and quotations omitted). Although state law generally controls what damages are recoverable in a diversity action, federal law governs the amount of damages awarded. See id. at 2-132.

The district court thoroughly explained why it rejected the children's proposal. The court stated: "The unrebutted testimony at trial established that

both Donna Kenneth and Glenna White have lived far from their father in recent years and had minimal association with him. In addition, the Court accept[ed] [Plaintiff's] testimony that decedent's daughters, when visiting [their home town], spent little time with their father." The court further reasoned that decedent's son "concede[d] that he and his father had been estranged in recent years" due to the son's own conduct. The court concluded that "although he visited with his father on a more regular basis than his sisters did, [father and son] nevertheless did not share a particularly close relationship." Lastly, the court noted that decedent's stepdaughter was the sole beneficiary of the will if Plaintiff predeceased him. The decision to omit the children from his will "indicate[d] on [decedent's] behalf a diminished sense of companionship." In contrast, the court observed the evidence regarding the relationship between Plaintiff and decedent "presented a picture of a dedicated couple" who were "constant companions" for thirteen years. The court concluded that decedent's death "has created a void in many aspects of [Plaintiff's] life."

The children do not appear to have evidence contrary to that already presented which might justify awarding them a larger share of damages. See Superior Supply Co, Inc. v. Torres, 900 P.2d 1005, 1007 (Okla. App. 1995) (affirming trial court's apportionment of damages under 12 Okla. Stat. § 1053). Rather, the children argue Plaintiff was responsible for destroying their

relationship with decedent. The Oklahoma wrongful death statute, however, permits self-sufficient adult children to recover based on their grief and loss of companionship. Section 1053(D) directs the trial court to "determine the proper division" of such damages.[8] See id. at 1008. Therefore, the relationship existing between decedent and his children within a reasonable time period before death is entitled to the court's careful consideration. The reasons leading to that relationship are at best secondary. Because the district court's factual findings are not clearly erroneous, we will not disturb its apportionment of damages on appeal.

AFFIRMED IN PART; DISMISSED IN PART.

---

[8] Under § 1053(B), damages awarded for "mental pain and anguish" are not subject to the court's equitable apportionment. Instead, such damages "shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent." Because decedent did not provide for the children in his will, they may be treated as pretermitted heirs and entitled to a share of the probate estate. See 84 Okla. Stat. § 132. This share presumably would include a portion of the $600,000 damages for mental pain and anguish which the district court transferred to the probate court for distribution.