FILED
United States Court of Appeals
Tenth Circuit

May 12, 2008

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

SOUTHERN UTAH
WILDERNESS ALLIANCE;
NATURAL RESOURCES DEFENSE
COUNCIL; THE WILDERNESS
SOCIETY,

     Plaintiffs-Appellees,

v.

DIRK KEMPTHORNE,
Secretary, Department of the Interior;
DEPARTMENT OF INTERIOR;
BUREAU OF LAND
MANAGEMENT,

     Defendants-Appellees.

Nos. 06-4251 & 07-4223

XTO ENERGY, INC.;
EOG RESOURCES, INC.,

     Movants-Appellants.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:04-CV-00574-DAK)
(457 F. Supp. 2d 1253)**

Stephen H.M. Bloch, Esq., Southern Utah Wilderness Alliance (Sharon Buccino, Esq., Natural Resources Defense Council, Washington, D.C., with him on the brief), Salt Lake City, Utah, for Plaintiffs-Appellees.

Elizabeth Ann Peterson (William B. Lazarus and Ruth Ann Storey with her on the brief), Attorneys, Appellate Section, Environment and Natural Resource Division, United States Department of Justice, Washington, D.C., for Defendants-Appellees.

L. Poe Leggette, Fulbright & Jaworski L.L.P., Washington, D.C., for Movants-Appellants.

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

**BALDOCK**, Circuit Judge.

The litigation from which these appeals stem originated when Plaintiff Southern Utah Wilderness Alliance (SUWA) and others challenged a November 2003 decision of Defendant Bureau of Land Management (BLM) to issue oil and gas leases on sixteen parcels of public land in Utah. SUWA's lawsuit, brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-706, affected three leases in which Movants XTO Energy and EOG Resources (Movants) have an interest. In August 2006, the district court reversed and remanded for further administrative consideration the BLM's decision to lease the sixteen parcels. In a thorough opinion, the court held the BLM violated the National Environmental Policy Act (NEPA) and its regulations, notably 40 C.F.R. § 1502.9(c), when it failed to conduct a supplemental environmental analysis prior to issuing the leases. See SUWA v. Norton, 457 F. Supp. 2d 1253, 1264-69 (D. Utah 2006). The district court's decision effectively "froze" for the time being Movant's leases with the BLM pending NEPA compliance.

Dissatisfied with the district court's judgment, Movants, neither of which was a named party to SUWA's lawsuit, filed a postjudgment motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2):[1]

> *On timely motion*, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*.

(emphasis added). While Movants' motion to intervene remained pending, BLM timely appealed the district court's decision. We docketed the BLM's appeal as No. 06-4235. Two weeks later, Movants, with their motion to intervene still pending, filed their own notice of appeal from the district court's judgment. We docketed Movants' appeal as No. 06-4251. In May 2007, the BLM voluntarily dismissed its appeal in No. 06-4235. Following receipt of our mandate in the BLM's appeal, the district court denied Movants' motion to intervene "for the reasons set forth by Plaintiffs." Movants timely filed a notice of appeal from the district court's denial of their motion to intervene. We docketed Movants' second appeal as No. 07-4223. We now consider Movants' two appeals in turn, dismissing the first and affirming the second.

---

[1] The same day Movants moved to intervene, the district court "lodged" their Fed. R. Civ. P. 59(e) and 60(b) motions for postjudgment relief pending its ruling on their motion to intervene.

3

Movants, non-parties in the district court, suggest their first appeal from the district court's judgment is viable even though the district court had yet to rule on their motion to intervene at the time they filed their notice of appeal. We think not. The usual rule is that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." Marino v. Ortiz, 484 U.S. 301, 304 (1988) (per curiam). Attempts by non-parties to appeal a district court's final judgment generally must fail. See Elliott Indus. Ltd. P'ship v. BP America Prod. Co., 407 F.3d 1091, 1125-26 (10th Cir. 2005). We see no reason under present circumstances to disregard this well established law.

In Devlin v. Scardelletti, 536 U.S. 1 (2002), the Supreme Court recognized a narrow exception to Marino and held that "nonnamed class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." Id. at 14. In Plain v. Murphy Family Farms, 296 F.3d 975 (10th Cir. 2002), we relied on Devlin to permit an appeal by a decedent's children from an order apportioning damages in a wrongful death suit, although they had not formally intervened. Our rationale was two-fold. First, like the unique interest the non-named class members in Devlin possessed in the settlement of the class action, the children in Plain possessed a unique interest under Oklahoma law in the apportionment of damages which conflicted with their stepmother's – the estate representative's –

4

interest.  See id. at 979.  Second, like the non-named class members in Devlin, the children in Plain timely opposed the district court's action.  See id. at 980.

In Plain, we recognized that "[n]otwithstanding Devlin, allowing 'nonparties' in the district court to appeal a district court judgment remains an exception to the general rule established in Marino."  Id. at 980.  Here, unlike the non-named class members in Devlin and children in Plain, Movants have posed no unique interest in the outcome of the case which conflicts with that of the BLM.[2]  Indeed, Movants suggest in a "Supplemental Brief" that the BLM adequately represented their interests until BLM decided to forego the filing of postjudgment motions:  "The lessees . . . moved to intervene promptly after learning that the federal defendants would not file post-judgment motions challenging the court's . . . order, and might not appeal it."  Movants' Supp. Br. at 6.

---

[2]  We note that Movants as private lessees were not indispensable parties to the district court proceedings because SUWA's action against BLM fell within the "public rights exception" to joinder rules, most notably Fed. R. Civ. P. 19.  See National Licorice Co. v. National Labor Rel. Bd., 309 U.S. 350, 363 (1940) ("In a proceeding . . . narrowly restricted to the protection of public rights, there is little scope or need for the traditional rules governing the joinder of parties in litigation determining private rights."); see also Conner v. Burford, 848 F.2d 1441, 1458-62 (9th Cir. 1988).  In Conner, the Ninth Circuit rejected oil and gas lessees' claim that they were indispensable parties in a similar case because the Montana Wildlife Federation's challenge to the Government's lease sale on forest lands, prior to compliance with NEPA, "did not purport to adjudicate the rights of current lessees; it merely [sought] to enforce the public right to administrative compliance with the environmental protection standards of NEPA."  Id. at 1460.

Similarly, unlike the non-named class members in <u>Devlin</u> and children in <u>Plain</u>, Movants waited until after the district court rendered its merits decision to raise an objection although they knew *at least* three months prior that the district court had taken the matter under advisement.[3] We hold that under these circumstances the only course available to Movants was to appeal *after* the district court denied their motion to intervene because only then did Movants', as non-parties to SUWA's underlying lawsuit, have an order from which to appeal. Thus, we dismiss Movants' first appeal and turn to the appeal from the denial of their motion to intervene.

*Appeal No. 07-4223*

In <u>Hutchinson v. Pfeil</u>, 211 F.3d 515 (10th Cir. 2000), we recognized that an order denying a motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2) "is

---

[3] We are hard pressed to accept Movants' assertion that they lacked notice of SUWA's lawsuit challenging their leases until three months prior to the district court's ruling. Indeed, the record is replete with instances which provided Movants, sophisticated business corporations, easy access to the requisite knowledge. Among the most notable was the notice the BLM provided to Movants' predecessor-in-interest on the day of the lease sale. At the commencement of the sale, a BLM representative stated that part of the sale was subject to litigation challenging the BLM's decision to offer certain parcels for sale. The BLM subsequently assigned serial numbers to and established serial register pages for each of the three leases in which Movants now hold an interest. Each of the pages indicated that SUWA had protested the leases' issuance and was pursuing litigation based on the BLM's decision to issue the leases. Even assuming for the moment, however, that Movants did in fact lack knowledge of SUWA's lawsuit until the Spring 2006, that does not negate the painfully obvious fact that the district court had yet to rule on their motion to intervene at the time they filed their first notice of appeal.

6

final and subject to immediate review if it prevents the applicant from becoming a party to an action." Id. at 518 (internal quotations omitted). Considered in a vacuum, the denial of Movants' motion to intervene constitutes a final appealable order under 28 U.S.C. § 1291. But any relief we might afford Movants is necessarily limited, not only by Rule 24(a)(2)'s strictures, but also by our administrative-remand rule. As we explained in Trout Unlimited v. United States Dept. of Agric., 441 F.3d 1214, 1218 (10th Cir. 2006), "[u]nder § 1291, remand by a district court to an administrative agency for further proceedings [as occurred here] is ordinarily not appealable because it is not a final decision." (internal quotations omitted). While the exercise of appellate jurisdiction *may* be appropriate where the issue presented is both urgent and important, delaying review of the district court's judgment here will not result in substantial injustice to Movants. See id. at 1218-19.

We have little doubt that the judgment Movants ask us to review at this point presents issues of urgency and importance to their individual business interests. But from a broader perspective the private interests the district court's judgment incidentally affects are not unlike the myriad of private interests affected when the protection of public lands is at stake. Our exercise of jurisdiction here would set a dangerous precedent by placing the Government in the precarious situation of juggling compliance with public interest laws and private obligations. See Conner v. Burford, 848 F.2d 1441, 1459 (9th Cir. 1988)

7

(recognizing that courts have "refused to require joinder of all parties affected by public rights litigation – even when those affected parties have property interests at stake"). The vindication of public interests by restraining unlawful action for the common good often constrains the performance of contractual obligations. See National Licorice Co. v. National Labor Rel. Bd., 309 U.S. 350, 362-66 (1940).[4] To permit those whose interests have been incidentally affected in such cases to protest at the last minute because they disagree with the outcome would serve only to disrupt the public interest and comes at too high a price.

Certainly, the district court's judgment for now precludes BLM approval of mining activities based on the subject leases. But the Movants' inability to obtain "specific performance" of their leases until the BLM complies with NEPA does not constitute the sort of irreparable harm that might persuade us to consider this matter urgent and overlook the administrative-remand rule. At this stage, Movants must advance their case, not before us, but before the administrative body responsible for adjudicating the underlying question of NEPA compliance. Once the administrative process runs its course, the BLM must, if consistent with

---

[4] In National Licorice, the Court held the NLRB could enjoin an employer from enforcing contracts with its employees procured in violation of the National Labor Relations Act, where the employees where not parties to the NLRB proceedings. The Court explained that the NLRB action was "not for the adjudication of private rights" and had "few indicia of private litigation." National Licorice, 309 U.S. at 362. Rather the "immediate object" of the proceeding was to prevent unfair labor practices. Id. at 363.

8

NEPA and any other applicable law, honor the Movants' leases. To that extent, Movants' current claim of injury is speculative. Movants' legally protected interests will be jeopardized only if the BLM ultimately refuses to permit development and production of the oil and gas reserves subject to Movants' leases. In that event, Movants may press any legal claims they might have against the Government. See National Licorice, 309 U.S. at 365; Conner, 848 F.2d at 1461. In sum, permitting Movants to intervene for the purpose of pursuing a merits appeal, which is their principal aim, would serve no useful purpose given our application of the administrative-remand rule.

To afford Movants some small victory, we could presumably permit them to intervene for the purpose of raising their postjudgment motions before the district court. See supra n.1. Although given our foregoing analysis, the district court's denial of such motions would not be immediately appealable. Before doing so, however, we must, as Fed. R. Civ. P. 24(a)(2) requires, conclude that Movants' motion to intervene was timely. Otherwise a proposed intervenor might simply "wait and see if the trial's outcome leaves intervention desirable with its attendant risk of undoing what the trial court has already done."[5] Plain,

---

[5] Movants' reliance on United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977) to suggest their postjudgment motion to intervene was timely is misplaced. In that case, a putative class member filed a motion to intervene pursuant to Fed. R. Civ. P. 24 after final judgment *for the purpose of appealing the district court's earlier denial of class action certification.* The Supreme Court held the motion

(continued...)

296 F.3d at 980-81. Unfortunately for Movants, this is precisely what they appear to have done given their acknowledgment that they felt compelled to intervene *only after* realizing the BLM might not file postjudgment motions or pursue an appeal from the district court's judgment. See supra at 5-6. Movants' acknowledgment also suggests that, at least prior to judgment, they believed the BLM adequately represented their interest in the leases. We find nothing in the record to suggest the BLM did not adequately represent those interests in its defense of SUWA's lawsuit or that BLM's interests are now adverse to Movants'.[6] Accordingly, we affirm the district court's denial of Movants' motion

_____

[5](...continued)
timely:

> United can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by one of their own, rather than by one of the original named plaintiffs. And it would be circular to argue that an unnamed member of the putative class was not a proper party to appeal, on the ground that her interests had been adversely determined in the trial court. United was put on notice by the filing of the . . . complaint of the possibility of classwide liability, and there is no reason why Mrs. McDonald's pursuit of that claim should not be considered timely under the circumstances presented here.

Id. at 394-95. Movants' proposed merits appeal is wholly unlike the appeal from the denial of class certification taken in McDonald. Obviously, BLM and Movants are not members of a class and neither SUWA nor BLM was placed on notice that leaseholders affected by the district court's judgment might cry foul over the outcome of the case.

[6] That Movants *may* have lacked notice of SUWA's lawsuit from its outset does not sway our decision. See supra n.3. Rule 24's "requirement of timeliness is
(continued...)

10

to intervene.

Appeal No. 06-4251 is DISMISSED.

Appeal No. 07-4223 is AFFIRMED.

All outstanding motions are DENIED AS MOOT.

---

[6](...continued)
not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotations omitted). Whether Movants lacked notice is at best marginally relevant to the question of whether SUWA and the BLM would incur prejudice as a result of such belated entry.