FILED
United States Court of Appeals
Tenth Circuit

December 23, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BEN D. ABEYTA; RICHARD T. ADAMS;
JOHNNY AGUILAR; ERLINDA
ANTILLON; ERIC AMES; MAX ARAGON;
LEROY J. ARCHULETA; JOHN ARMIJO;
ANGELO BACA; PETER BACA;
PRISCILLA ARCHULETA; LARRY BACA;
JUAN J. ARMIJO; JESSICA BACHICHA;
JOHN BARNES; TODD BARTLETT; JOHN
ROBERT BAZAN; GEORGE E. BOOKER;
JOHN BOTTYLISO; JOHN BOULDIN;
CAROL C BRADY; SHELLY ALEXIS
BURLINGAME; BETTY JO BROOKS;
NICK D. CANDELARIA; ANTHONY
CHAVEZ; SAMUEL CASTILLO; AUGUST
C CHAVEZ; AUGUSTINE E. CHAVEZ;
CURTIS CHAVEZ; DENNIS CHAVEZ;
VICTOR T CHAVEZ; FRANK M CONCINI;
H. ANTHONY CHAVEZ; EDWARD R.
CHAVEZ; DION R. CONEY; TONY
CORRIZ; RICHARD L DEBEULIEU;
RAYMOND L. DIMAS; RICHARD
DUBRIEL; ORLANDO S. DURAN;
CHARLES FERNANDEZ; OLYMPIA J.
ESQUIVEL; ROY W. FREITAG; PHILLIP J.
GALLEGOS; ERIC GANDY; EARL
GARCIA; ERNESTINE GARCIA;
FREDERICK GARCIA; GENE R. GARCIA;
JOHNNY GARCIA; JOSEPH R. GARCIA;
GILBERT A. GARCIA; LUIS GARCIA;
MANUEL GARCIA; PETE GARCIA; ROSIE
I. GARDUNO; RUBEN R. GAYTAN; JOHN
E. GINAN; WILLIE D. GILES; ANGEL M.
GOMEZ, III; LAWRENCE B. GOMEZ;
MIKE GOMEZ; ROBERT C. GUTIERREZ,
Chairman; JOHN D. HUNTER, President;
DAVID LOVATO; SANDRA CLARK
LUCERO; JOHNNY GONZALES; JOHNNY
B. GONZALES; GAYLENE S. GRIEGO;

No. 10-2234

JAMES HERNANDEZ; DAVID A. HERRERA; MARY HERRERA; TIM HERRERA; PHILIP L. HOWARD; PRECILLA M. JARAMILLO; FRANK J. LA VIERA; JOSEPH LINTON; ISAAC LOPEZ; ELMER D. LUCERO; LEO A. LUCERO; DIANA M. MARQUEZ; CHARLIE MARTINEZ; MARY LOU GRIEGO; LAWRENCE H. JOHNSON; MICKEY GRIEGO; DANIEL MAEZ; EPIMENIO MARTINEZ; ROBERT HERNANDEZ; PAUL MARTINEZ; DOROTHEA MONTANO; MOTORCOACH OPERATORS; FRANK MC AFREE; MARK MCDONOUGH; JAUN A. MEJIAS; GLENN MILLER, JR.; ANTHONY DON MILLET; ISMAEL F. MONTANEZ; ALEX S. MONTOYA; SADIE C. MONTOYA; JOSE R MORA, JR.; JEFF NICKELSON; DOUGLAS M. NUANEZ; PETE NUNEZ; DON E. MAXEY; RUEBEN MONTOYA; JOHNNY MONTOYA; LEROY A. ORTEGA; UNITED TRANSPORTATION UNION LOCAL 1745; JACOB ROMERO; DALE J PADILLA; LEROY SAAVEDRA; PATRICIA SANDOVAL; CHARLES OSMAN; EDWARD T. OTERO; JOANN A. OTERO; RONALD OTERO; ATANACIO M. PACHECO; PAUL PADILLA; CYNTHIA S. PEREA; JOE A. RODARTE; DAVID A. SANCHEZ; TRINNIE SANCHEZ; ANTONIO SILVA; ANTHONY SIMOES; ANSELUP G. SMITH; SHIRLEY STACY; MICHAEL TEGADO; LOUIS TEITELRIS; JEFF VALENCIA; VICTOR VEGA; STEVE W. WRIGHT; JOSEPH A. ORTIZ; CHERYL I. PARRETT; RUMALDO RAMIREZ; ALEX RUIZ; JERRY SANCHEZ; JESUS SANTIAGO; ALDRINA SISNEROS; VICTOR D. SOLTERO; MARGARITA D. TREVINO; MARY M. SCHALL; MICHAEL TOYA; ERNEST M. VARGAS; ROBERT M. WHALEN; ANGELO M. REYES; BUDDY L. RIVERA; JUAN SILVA; EDWARD L.

TAYLOR; ORLANDO TORRES; DENNIS ZAMORA; EUGENE P. PEREA; NICK RAMIREZ; MEREWYN B. SLAG; ANDY TORRES; SCOTT S SWANSON; ROGER A. TAPIA; DELVIN VILLAVICENCIO; HUGH ZEMEK; MIACHEL A. SANCHEZ; LAWRENCE J. PACHECO; DANIEL R. OTERO; SAM ORTIZ,

   Plaintiffs,

v.

CITY OF ALBUQUERQUE; LAWRENCE RAEL, Chief Administrative Officer; MARTIN CHAVEZ, Mayor,

   Defendants.

JENNIFER BEAN; BEAN & ASSOCIATES, INC.,

   Appellants,

v.

PAUL STEVEN LIVINGSTON,

   Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. Nos. 96-CV-00716-WFD-ACT &
99-CV-00208-WFD-ACT)**

---

William C. Salmon of Rhodes and Salmon, P.C., Albuquerque, New Mexico, for

Appellant.

Paul Livingston, Placitas, New Mexico, for Appellee.

Before **O'BRIEN**, **McKAY**, and **MATHESON**, Circuit Judges.

**McKAY**, Circuit Judge.

This case comes to us on appeal for the second time and still involves a dispute over payment for transcripts of proceedings in the underlying case. After this court held that Appellant Jennifer Bean had no right to be paid for transcripts that Appellee Paul Livingston, attorney for the plaintiffs in the underlying action, did not order or obtain from her, the district court on remand vacated a court-ordered lien and ordered disbursement of funds to Mr. Livingston.[1] Ms. Bean appeals, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

As we explained in the previous appeal, *see United Transp. Union Local 1745 v. City of Albuquerque*, 352 F. App'x 227 (10th Cir. 2009), Jennifer Bean is a court reporter who prepared transcripts of hearings before a Special Master in an action between United Transportation Union Local 1745 and the City of Albuquerque for unpaid overtime under the Fair Labor Standards Act (FLSA).

---

[1] As a prior court in these proceedings noted, "This [c]ourt is shocked and dismayed that this issue is still being litigated and chooses not to dwell on the many hours of attorneys fees which have accumulated in the pursuit of this $4,000 prize in the court registry." (Appellant's App. at 126.)

-4-

After the City ordered and paid for original hearing transcripts prepared by Ms. Bean, Mr. Livingston asked the special master to direct the City to file copies with the clerk so the plaintiffs could access them without having to obtain copies from Ms. Bean at higher cost. When the special master refused, Mr. Livingston ordered copies of the transcripts directly from the City through New Mexico's Inspection of Public Records Act, N.M. Stat. § 14-2-1 to 14-2-12.

After Ms. Bean complained to the district court, the court ordered the plaintiffs to "pay reasonable court reporter's fees for any copies of transcripts that they desire the use of." (Appellant's App. at 52.) The district court also placed a lien on any future recovery by the plaintiffs to secure payment of the yet-to-be-determined amount claimed by Ms. Bean. The FLSA action eventually settled, a final judgment was entered, and the City agreed to a fee settlement with Mr. Livingston. After he failed to submit a motion for costs and fees, including any fees owed to Ms. Bean under the lien, the court found Mr. Livingston personally liable for Ms. Bean's fees and held back a portion of the funds from his fee payment.

Ms. Bean eventually determined the amount owed under the lien was $4,159.02, and both parties requested the court release the funds to them. The court ordered the funds released to Ms. Bean, and Mr. Livingston appealed.[2]

_____

[2] At least two separate lawsuits also addressed the conflicts between Ms.

(continued...)

In his notice of appeal, Mr. Livingston identified Ms. Bean and Bean & Associates, Inc., as appellees along with the city and other defendants. He also filed a "Motion to Clarify Parties" specifically asking that Ms. Bean be made a party to the appeal. On July 23, 2008, the clerk of this court filed an order denying Mr. Livingston's motion because Ms. Bean had not been a party in the district court proceedings and had not asked to intervene. Mr. Livingston continued with the appeal. On August 21, 2009, this court held that Ms. Bean did not have a proprietary interest in the contents of the transcripts, reversed the district court's order distributing the funds to Ms. Bean, and remanded the case. At that point, Ms. Bean attempted to file a "Motion for Reconsideration and Objection to Bill of Costs" to object to this court's decision to remand, but since she was not a party, she could not file the objection. Ms. Bean did not seek certiorari in the Supreme Court.

Instead, Ms. Bean returned to the district court to object and filed a "Special Appearance to Object to Subject Matter Jurisdiction," asking the district court to vacate this court's order for lack of jurisdiction. The district court instead followed this court's mandate, vacated the lien, and ordered disbursement of the funds to Mr. Livingston. Ms. Bean now appeals.

---

[2](...continued)
Bean and Mr. Livingston, but neither adjudicated the merits of the lien. *See Livingston v. Bean*, 2004 WL 3310469 (D.N.M. 2004); *Gutierrez v. Bean*, 2006 WL 4117064 (D.N.M. 2006).

## DISCUSSION

We must first address whether Ms. Bean, as a non-party, can pursue this appeal.[3] "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). However, there is an exception to this rule in certain cases where the non-party possesses a "unique interest" in the outcome of the case and actively participates in the proceedings relating to that interest. For instance, in *Plain v. Murphy Family Farms*, 296 F.3d 975 (10th Cir. 2002), we found a decedent's heirs to have a unique interest — analogous to the interest of unnamed members of a class — permitting them to appeal from an order apportioning damages in a wrongful death action they had opposed even though they had not formally intervened. *Cf. Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (holding that unnamed class members who object in a timely manner may appeal from the district court's approval of a settlement even if they have not intervened). We noted in *Plain* that "to deny the [nonparty heirs] the right of appellate review would be, in effect, to deny them the right to challenge a binding division of damages *which they timely opposed by invitation in the district court, and appealed at the earliest opportunity*." *Plain*, 296 F.3d at 980 (emphasis added).

---

[3] Ms. Bean's standing is not at issue, as she clearly has an interest sufficient enough to create a "case or controversy" that satisfies the constitutional requirements of injury, causation, and redressability. *See Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002).

The nonparty heirs in *Plain* also requested review of the district court's denial of their second motion for a new trial. The heirs had initially moved to intervene in the district court under Federal Rules of Civil Procedure Rule 24(a) seven months prior to trial, but the district court denied their motion. They filed a motion to reconsider three months before trial, in effect a second motion to intervene. When the district court denied that motion, they filed a timely appeal with this court, but then voluntarily dismissed that appeal after the district court refused to stay the trial. We therefore dismissed that appeal. *See Plain v. Murphy Family Farms*, No. 01-6069 (10th Cir. dismissed March 12, 2001). After the jury rendered its verdict, the nonparty heirs filed a motion for a new trial, or in the alternative, a division of the damage award. The district court denied their motion and entered final judgment, after which the nonparty heirs filed a second motion for a new trial. When the district court denied that motion, the nonparty heirs appealed.

In that appeal, we concluded we lacked jurisdiction to review the district court's denial of the second motion for a new trial based on the established rule in *Marino* that nonparties generally cannot appeal a district court judgment. *See Marino*, 484 U.S. at 304. We held that "[t]hose seeking to participate in the underlying resolution of the merits of a lawsuit must make 'timely application' to intervene under Fed. R. Civ. P. 24." *Plain*, 296 F.3d at 980. "If the district court denies that motion, the proper procedure is to pursue an immediate appeal." *Id.*

In fact, we stated:

> We do not believe we can review now what we could have reviewed
> then. The [nonparty heirs'] current appeal, to the extent it[] requests
> a new trial in which they be permitted to participate, seeks "review
> lost" by their failure to follow proper procedure the first time.

*Id*. at 981. Thus, because the nonparty heirs had not pursued their initial appeal

from the denial of their intervention motion, they were not permitted to now

attack the judgment by appealing the denial of their motion for a new trial. *See*

*also Southern Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966, 968 (10th

Cir. 2008) (nonparties who "waited until after the district court rendered its

merits decision to raise an objection although they knew *at least* three months

prior that the district court had taken the matter under advisement" could not

appeal from the district court's judgment). *Plain* and related cases thus stand for

the principle that the *Devlin* exception to the *Marino* rule will only apply where

the nonparty has a unique interest in the litigation and becomes involved in the

resolution of that interest in a timely fashion both at the district court level and on

appeal.

While Ms. Bean may have a "unique interest" in the outcome of this case,

this is not the first opportunity she has had to challenge the merits of the lien in

this court. In fact, Mr. Livingston explicitly requested she join the first appeal as

a party, and she refused. She deliberately chose not to involve herself in the

details until after we reached the merits; she cannot now enter the scene and

request us to start over. Judge McConnell's concurrence in our prior ruling seems apropos: Ms. Bean "did not file an appellate brief, and therefore waives any arguments she might have in response to" Mr. Livingston's claims. *United Transp.*, 352 F. App'x at 231.[4] Ms. Bean had an opportunity to intervene in the prior appeal and chose not to do so. The interests of judicial economy restrain her from doing so now.

Accordingly, we lack jurisdiction to review Ms. Bean's challenge to the district court's order vacating the lien and disbursing the funds.[5]

In his brief, Mr. Livingston requests that the court award sanctions against

---

[4] Ms. Bean's argument that she relied on our July 23, 2008, Order denying Mr. Livingston's motion to clarify parties does not help her case. In that Order, we did not state she should not participate in the appeal, but rather stated that "[a]bsent some citation to this court's authority to do so, we decline to order the court reporter or the reporting service to be made parties to this appeal when they were not parties in the district court proceeding and have expressed no interest in intervening in the appeal." (Appellant's App. at 142.) Any reliance on this order to assume we would not rule dispositively on the appeal was misplaced.

[5] Even if we were to find that Ms. Bean, as a nonparty, could appeal the district court's order vacating the lien, we would still affirm the order under the law-of-the-case doctrine. Under this doctrine, when a court decides an issue of law, that decision should govern all subsequent stages of the litigation. *See Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). "The rule prevents questions already considered and decided once in the case from being reargued at every subsequent stage of the case." *Hale v. Gibson*, 227 F.3d 1298, 1328 n.13 (10th Cir. 2000).

-10-

Ms. Bean under Rule 38 of the Federal Rules of Appellate Procedure. We must deny this request because Mr. Livingston failed to file a separate motion or notice requesting sanctions. *See* Fed. R. App. P. 38 advisory committee's note (1994 Amendment) ("[Rule 38] requires that before a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. . . . A separately filed motion requesting sanctions constitutes notice. A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice.").

## CONCLUSION

For the foregoing reasons, we **DISMISS** Ms. Bean's appeal and **DENY** Mr. Livingston's request for Rule 38 sanctions.