**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARGARITO VILLA; GRACIELA
SALINAS; OSCAR BONILLA;
BEATRICE GARCIA; RAMON
TORRES; VELIA TORRES; PEDRO
RUBIO OCHOA; ELIDA MARQUEZ,

          Plaintiffs-Appellants,

v.

DONA ANA COUNTY, CITY OF LAS
CRUCES, DONA ANA COUNTY
SHERIFF'S DEPARTMENT, DONA
ANA COUNTY CODE
ENFORCEMENT, CITY OF LAS
CRUCES CODE ENFORCEMENT, local
public bodies of the State of New
Mexico; ROBYN GOJKOVICH,
CURTIS CHILDRESS, MARY LOU
WARD, officers, individually and in their
official capacities; HEATHER
FERGUSON, individually and in her
official capacity as an employee of the
Animal Cruelty Task Force of New
Mexico; PATRICIA FEESER,
individually and in her official capacity
as an employee/consultant of the Animal
Cruelty Task Force of New Mexico;
HIGH DESERT ANIMAL HOSPITAL,
INC.,

          Defendants-Appellees.

No. 11-2227
(D.C. No. 1:09-CV-00976-BB-WPL)
(D. N.M.)

# ORDER AND JUDGMENT[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

The plaintiffs filed this suit against various law enforcement officers and agencies alleging a violation of their constitutional rights. In particular, they say the defendants violated their rights by raiding their homes and confiscating roosters (and other fowl) they kept for illegal cockfighting. But soon after filing suit, the plaintiffs refused to provide discovery and then proceeded to disregard a variety of court orders seeking to cajole them into compliance. The magistrate judge tried a series of escalating threats and sanctions, but nothing worked.

In the end, the magistrate felt he had no choice but to recommend dismissal. In a thorough 36-page opinion, the magistrate explained that "I have been forced to order sanctions on three separate occasions, to file four show cause orders, to hold two show cause hearings, and to grant a motion to compel. In this order alone, I have considered three additional motions for sanctions, one of which is based on a failure to comply with my order granting a motion to compel." Proposed Findings &

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Recommended Disposition 29-30, ECF No. 129.  After considering the issue anew, the district court agreed with and adopted in full the magistrate's recommendation.

Now before us, the plaintiffs challenge the dismissal of their suit.  But the fact is, "district courts enjoy very broad discretion to use sanctions where necessary to insure that lawyers and parties fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial."  *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (internal quotation marks and ellipses omitted).  The Supreme Court has made clear that "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  After carefully reviewing the record and plaintiffs' arguments, it is clear to us that the record of noncompliance in this case was particularly egregious and we have no difficulty saying the district court acted within the bounds of its considerable discretion when it finally ordered dismissal.

At this point, we think only one of plaintiffs' objections merits particular comment.  They argue that, under *Lee*, they were entitled to "three chances to cure any discovery violation" before sanctions were imposed.  Appellant's Br. at 20 (citing *Lee*, 638 F.3d at 1321).  But *Lee* hardly created a safe harbor for multiple violations.  Rather, *Lee* clearly held that three forgone opportunities to fulfill

discovery obligations provided "*more than enough*" of a basis to permit dismissal. 638 F.3d at 1321 (emphasis added). Besides, by any fair measure the plaintiffs here squandered at least that many chances to do as they should have done.

Apart from the dismissal order, the plaintiffs also appeal an award of attorney's fees and expenses to the defendants. The district court imposed this sanction for failing to respond fully to defendants' discovery requests, even after two follow-up requests for complete responses. In so doing, the court determined that the plaintiffs' proffered objections to the requests were without merit and that the plaintiffs' discovery failures were not substantially justified. Whatever other problems may exist with the plaintiffs' appeal on this question, we certainly see no abuse of discretion on the merits. Here again, the district court acted within the bounds of its lawful authority. *See Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1243 (10th Cir. 2006); Fed. R. Civ. P. 37(a)(5)(A).

Lastly, we address the defendants' request for an award of their attorney's fees and costs incurred in this appeal on the ground that the appeal is frivolous. Although the appellate rules authorize an award when a party must defend a frivolous appeal, the request must be made in "a separately filed motion." Fed. R. App. P. 38. In this appeal, however, the defendants filed no separate motion; they made their request only in their appellate brief. Though perhaps a failure more of form than substance, it is a failure our controlling precedent has deemed dispositive, and we are hardly free to hold otherwise now. *See Abeyta v. City of Albuquerque*, 664 F.3d 792, 797

(10th Cir. 2001) ("[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient" under Rule 38).

The judgment of the district court is affirmed.  The defendants' request for sanctions on appeal is denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge