**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHANNA DABBS,

　　Plaintiff,

v.

SHELTER MUTUAL INSURANCE
COMPANY, a/k/a Shelter Mutual
Insurance Co.,

　　Defendant - Appellee.

------------------------------

VINCENT CALDERON,

　　Amicus Curiae - Appellant.

No. 21-6171
(D.C. No. 5:15-CV-00148-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.[**]
_____

Vincent Calderon appeals the district court's entry of summary judgment for

Shelter Mutual Insurance Company and against Johanna Dabbs. Dabbs, an Oklahoma

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

resident and Shelter auto policyholder, caused a car accident in Texas that injured Calderon. After settlement negotiations between Shelter and Calderon failed, Calderon sued Dabbs in Texas state court and won a $700,000 judgment against her. The judgment exceeded Dabbs's policy limits, so she sued Shelter, asserting that Shelter's failure to settle with Calderon was bad faith. Calderon was not a party to the bad-faith suit.

During that litigation, Dabbs and Shelter foresaw a potential disagreement about whether Oklahoma or Texas law applied to their dispute, so they filed simultaneous briefs on the issue. Turns out, they agreed on Oklahoma law. But Calderon, who had been monitoring the case on the sideline, moved for leave to file an amicus brief to argue that Texas law should apply. The district court allowed Calderon to file his amicus brief, though it ultimately sided with Dabbs and Shelter in finding that Oklahoma law applied.

Four years passed, and the district court entered summary judgment in Shelter's favor under Oklahoma law. Dabbs appealed. *Dabbs v. Shelter Mut. Ins. Co.*, No. 21-6169 (10th Cir.). Calderon then moved for a new trial (even though there was no trial) and to amend the judgment. The district court struck this motion because as an amicus, Calderon was not a party and did not have standing to file motions. Calderon moved for reconsideration, which the district court also denied. Calderon appealed. At our request, the parties submitted supplemental briefing on appellate jurisdiction. We now dismiss Calderon's appeal for lack of jurisdiction.

2

"The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam) (collecting authorities). Yet this settled rule is not absolute. *Devlin v. Scardelletti*, 536 U.S. 1, 7–8 (2002) (collecting cases authorizing certain nonparty appeals). To that end, we have allowed nonparties to appeal when they "possess[] a 'unique interest' in the outcome of the case and actively participate[] in the proceedings relating to that interest." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011). Because amici curiae are not parties, *Kerr v. Hickenlooper*, 824 F.3d 1207, 1216 (10th Cir. 2016) (citing *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996)), Calderon must satisfy the two-step *Abeyta* test before we can consider the merits of his appeal.

But Calderon fails at step one because he has not shown that he has a "unique interest" in this case. He asserts that his position as Dabbs's judgment creditor gives him a unique interest here. In Calderon's view, if Dabbs prevails against Shelter, he can satisfy his judgment with the proceeds of Dabbs's bad-faith claim. He cites our decision in *Plain v. Murphy Family Farms*, 296 F.3d 975 (10th Cir. 2002), in support. *Plain* was a wrongful-death suit brought by a decedent's widow. *Id.* at 977. The decedent's children sought to intervene, which the court denied, and they later asked the court to reconsider its denial. *Id.* at 978. When the court denied reconsideration, the children appealed. *Id.* They voluntarily dismissed the appeal after learning the district court would not stay the upcoming trial. *Id.* After a jury

3

awarded damages, the court invited the children to file an amicus brief on the distribution of the damages award. *Id.* The children instead moved for a new trial and proposed a damages-award distribution. *Id.* The court denied their motion, rejected their proposed distribution, and apportioned the damages itself. *Id.* The children again moved for a new trial, which was denied. *Id.* at 979. They appealed again. *Id.*

Describing the children's relentless motion practice as creating a "jurisdictional thicket," we confirmed our jurisdiction to review the district court's order apportioning the damages. *Id.* We reasoned that the children had a unique interest in the damages award because they were entitled to wrongful-death damages under Oklahoma law, they were bound by the district court's apportionment order, they promptly opposed the apportionment (on the court's invitation), and they appealed at the earliest opportunity. *Id.* at 979–80. But we lacked jurisdiction to consider a challenge to the order denying the second motion for a new trial. *Id.* at 980. Participating in a case's disposition on the merits requires timely Rule 24 intervention, and the children should have pursued their first appeal from the district court's denial of their motion to intervene. *Id.* at 980–81. We regarded their second appeal as improper because the children "fail[ed] to follow proper procedure the first time." *Id.* at 981.

Yet unlike the children in *Plain*, Calderon is not at all "bound" by the judgment below, which affects only Dabbs and Shelter.[1] The district court, on

---

[1] Calderon makes passing references to res judicata and collateral estoppel but does not analyze how either principle affects him.

Calderon's motion, allowed him to file an amicus brief arguing for the application of Texas law. Calderon's rights were never at risk—he was arguing that Texas law should apply to a dispute between others. And he never sought to intervene under Rule 24. His simple disagreement with the court's decision on the choice-of-law issue does not give him a direct stake in this appeal, nor does his disagreement allow him to dispute an issue about which the parties agree. Here, we decline to consider the arguments raised only by Calderon in his amicus brief. *Sierra Club v. EPA*, 964 F.3d 882, 897 n.15 (10th Cir. 2020) (citing *Tyler v. City of Manhattan*, 118 F.3d 1400, 1404 (10th Cir. 1997)).

Calderon also cites *Grain Dealers Mutual Insurance Co. v. Lower*, 979 F.2d 1411 (10th Cir. 1992), in support. There, we held that a potential judgment creditor named as a party in an insurer's declaratory-judgment suit had standing to appeal, even though the insured chose not to appeal. *Id.* at 1413–14. But this isn't a declaratory-judgment suit, and Calderon isn't a named party, so *Grain Dealers* doesn't help him. He cites no authority where a nonparty judgment creditor has a unique interest in the outcome of a case brought by the judgment debtor.

Faced with this reality, Calderon switches gears in his reply brief. He claims that his unique interest stems from his "statutory right under Texas law to satisfy his judgment against Dabbs" through Dabbs's suit against Shelter. Calderon's Jurisdictional Reply Br. 10. Texas law permits courts to order a "judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control." Tex. Civ. Prac. & Rem. Code § 31.002(b)(1) (West 2021). And

Texas courts consider causes of action to be property under the turnover statute. *E.g.,* *Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App. 1992) (citing *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 784 (Tex. App. 1992)). But in 2016, a Texas court denied Calderon's application for an order turning over Dabbs's causes of action against Shelter. Calderon does not explain how he still enjoys this statutory right, let alone how it would afford him a unique interest in this case.

At bottom, Calderon holds a six-figure judgment against a debtor whose ability to cover an excess judgment is doubtful but who would suddenly have the means to pay were she to successfully appeal here. He is no different from any other creditor and hardly possesses the unique interest that *Abeyta* requires. Dabbs's unfavorable result just means Calderon must find another source of assets to satisfy his judgment. Although he may stand to financially benefit from Dabbs's successful appeal, this peripheral, nonunique interest affords him no right to move from the sideline to the field.

Because we lack jurisdiction to review Calderon's attack on the judgment, we dismiss his appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge
