**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID ROBIN WHITMORE,

     Plaintiff - Appellant,

v.

MINDY MASK, Inmate Trust Fund
Supervisor, DAVID CLARK, Grievance
Coordinator; DAVID MILLER, Warden;
DEBBIE MORTON, Director's Designee,

     Defendants - Appellees.

Nos. 13-6258 & 14-6115
(D.C. No. 5:11-CV-00202-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

     These consolidated appeals arise out of the settlement of a § 1983 case brought

by Plaintiff David Whitmore, a state prisoner, against various prison officials.

_____

[*] After examining the briefs and appellate record, this panel determined
unanimously that oral argument would not materially assist in the determination of
these consolidated appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff filed his pro se complaint in 2011. In August 2012, the district court granted summary judgment in favor of the defendants on all claims except one claim of retaliation against Defendant Mindy Mask. The court then appointed counsel to represent Plaintiff on this remaining claim.

After counsel was appointed, the parties entered into settlement negotiations. Counsel informed the court that they had reached a settlement, and on August 2, 2013, the court entered an administrative closing order, which stated:

> On the representation from counsel for the parties, that the parties have reached a settlement and compromise, it is ordered that the Clerk administratively terminate this action in his records without prejudice to the rights of the parties to reopen the proceeding for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation.
>
> If the parties have not reopened this case within 60 days of this date for the purpose of dismissal pursuant to the settlement compromise, Plaintiff's action shall be deemed to be dismissed with prejudice.

(Doc. 184.) Neither party filed any documents with the district court during the sixty-day reopening period.

On about October 14, 2013, an attorney for the Oklahoma Department of Corrections sent Plaintiff a letter stating that the DOC had received a settlement check in his name and would apply the funds to pay some of the extensive debts Plaintiff owes to different courts where he has litigated cases during his imprisonment.

On November 6, 2013, Plaintiff filed a pro se notice of appeal.

A few days later, Plaintiff's appointed counsel filed a motion to reopen the district court case. In this motion, counsel stated that he had "discussed the settlement

offer with the Plaintiff, and was under the impression that the Plaintiff was agreeable to accept the amount and the terms. However, . . . the undersigned counsel and the Plaintiff were not under the same understanding as to the settlement." (Doc. 187 at 2.) Counsel continued: "It is now clear that Plaintiff believes he would not have agreed to the terms of the settlement which included a release of all Defendants and an unconditional payment of $2,000.00." (*Id.*) Defendants filed a response in opposition to the motion to reopen, arguing, among other things, that Plaintiff's decision to enter into the settlement was a deliberate and counseled decision and that his alleged misunderstanding of how settlement funds would be disbursed did not demonstrate good cause for reopening the case. In a pro se reply, Plaintiff asserted that prison officials had misrepresented the amount of his debts and that his attorney advised him that the settlement would be applied to his prison co-pays first, allowing him to purchase items such as shoes and clothes. He also alleged that he was not informed of the court's administrative closing order or of the finalized settlement until after the sixty-day period had expired. The district court denied the motion to reopen, holding that Plaintiff had not shown good cause to reopen the case.

Plaintiff then filed a pro se motion for relief from judgment under Rule 60(b). In this motion, Plaintiff repeated his allegation that his attorney had advised him that the settlement would go towards his co-pays first. He also reiterated his assertions that he did not know the settlement had been finalized until he received the DOC letter in October 2013 and that he was unaware of the administrative closing order until after he filed his notice of appeal in November 2013.

3

The district court denied Plaintiff's Rule 60(b) motion, concluding that Plaintiff had made the same assertions in his pro se reply to the defendant's response to his motion to reopen the case and that he "ha[d] not made any new arguments that would move the Court to give plaintiff the relief he seeks under Rule 60(b)(1) or (6)." (Doc. 206 (citation omitted).)

Following the denial of his Rule 60(b) motion, Plaintiff filed a second notice of appeal.

## DISCUSSION

We first must resolve the question of our appellate jurisdiction over the two consolidated appeals in this case. The first, Appeal No. 13-6258, was filed on November 6, 2013, ninety-six days after the district court entered an administrative closing order which provided that the action would be deemed dismissed with prejudice if neither party moved to reopen within sixty days. In *Lewis v. BF Goodrich Co.*, 850 F.2d 641 (1988), we considered the effect of a similar "administrative closing order" which likewise provided that the action would be deemed dismissed with prejudice if a motion to reopen the proceedings was not filed within sixty days. Because the parties did not move to reopen within the sixty-day period, we concluded that "the closing order by its own terms matured into a dismissal of the counterclaim with prejudice on [the date the sixty-day window expired], creating an appealable final judgment for the entire case." *Id.* at 642-43. The same reasoning applies in the case before us—by its terms, the administrative closing order matured into a dismissal on October 1, 2013, creating a final, appealable judgment on that date. Plaintiff did

4

not file his notice of appeal until November 6, 2013, six days after his time to appeal had expired. *See* Fed. R. App. P. 4(a)(1)(A).

In his supplemental brief on jurisdiction, Plaintiff does not contest the untimeliness of this appeal. Rather, he argues his appeal was untimely due to factors beyond his control, since he did not know that the case had been settled or that an administrative closing order had been entered until mid-October at the earliest. In essence, Plaintiff asks us to excuse the untimeliness of his appeal for equitable reasons.

The Supreme Court has "ma[d]e clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Plaintiff could potentially have raised his arguments regarding his ignorance of the settlement and administrative closing order to seek an extension of time from the district court under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). However, Plaintiff failed to do so, and this court has no authority either to grant a similar extension under the rules or to "create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 214; *see also, e.g.*, *Cyrak v. Lemon*, 919 F.2d 320, 324 (5th Cir. 1990). Because Plaintiff's notice of appeal was untimely, we lack jurisdiction to consider Appeal No. 13-6258.

The second notice of appeal in this case, Appeal No. 14-6115, was filed twenty-four days after the district court denied Plaintiff's Rule 60(b) motion for relief from judgment. This constitutes a timely appeal from the denial of Rule 60(b) relief. We therefore have jurisdiction to consider the district court's Rule 60(b) denial of

relief from judgment, although we do not address the underlying judgments themselves. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1008-09 (10th Cir. 2000).

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion." *Id.* at 1009. Under this standard, we conclude that the district court did not err in denying Plaintiff's Rule 60(b) motion on the basis that it merely reiterated the arguments he had previously raised in his pro se filing on the motion to reopen. In *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991), we held that the pro se plaintiffs in that case had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion simply "reiterated the original issues raised in their [earlier pleadings] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." "Such arguments," we held, "do not justify relief from the district court's judgment pursuant to Rule 60(b)." *Id.* The same reasoning applies here. Because Plaintiff's Rule 60(b) motion reiterated the same assertions that were raised and rejected in his pleadings on the motion to reopen, the district court did not abuse its discretion in denying the Rule 60(b) motion on this basis.[1]

For the foregoing reasons, we **DISMISS** Appeal No. 13-6258 for lack of appellate jurisdiction and **AFFIRM** the district court's denial of Rule 60(b) relief in

---

[1] Because we do not have jurisdiction to review the underlying judgment in an appeal from the denial of Rule 60(b) relief, we do not address or consider the merits of Plaintiff's underlying assertions regarding the disbursement of the settlement funds and his alleged lack of notice of the settlement finalization and the court's administrative closing order.

6

Appeal No. 14-6115. We **GRANT** Plaintiff's motions to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until the entire filing fee for both appeals has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge