**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANCES M. SCOTT; GALEN L.
AMERSON,

      Plaintiffs - Appellants,

v.

DAVID A. WEAVER, former Douglas
County, Colorado, Sheriff, individually;
GARY BUTLER, Douglas County,
Colorado, Deputy Sheriff, individually;
JAMES M. LAKOMY, Douglas County,
Colorado, Deputy Sheriff, individually;
LAWRENCE CASTLE, Castle Law
Group; CHASE HOME FINANCE LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Defendants - Appellees,

and

REAL ESTATE AGENT FOR FEDERAL
NATIONAL MORTGAGE, to be named;
AMERICAN MORTGAGE NETWORK;
DOUGLAS COUNTY PUBLIC
TRUSTEE,

      Defendants.

No. 17-1307
(D.C. No. 1:15-CV-01486-RPM)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Petitioners Frances Scott and Galen Amerson, proceeding pro se,[1] seek

reversal of the district court's denial of their second motion, under Federal Rule of

Civil Procedure 60(b), to reconsider the court's denial of their first motion under the

same rule. We affirm the district court.

## I. BACKGROUND

### A. *Factual History*

Ms. Scott and Mr. Amerson obtained a mortgage to refinance a loan on their

residence in Douglas County in October 2006. By March 2010, they had ceased

paying the loan and attorneys with Castle Meinhold and Stawiarski LLC (the Castle

Firm) filed a Notice of Election and Demand on behalf of Chase Home Finance LLC

(Chase) and a foreclosure action on the residence. Chase purchased the home at

auction and transferred the property to the Federal National Mortgage Association

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Scott and Mr. Amerson are proceeding pro se, we construe their filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

2

(FNMA). The Castle Firm then filed a forcible entry and unlawful detainer action in state court, and the state court entered an order for entry of judgment of possession in FNMA's favor.

The Castle Firm notified Jeff Fogler, a real estate agent contracted to manage the property for FNMA, of the impending eviction. Mr. Fogler contacted Bill Kritzik to perform the eviction, and Mr. Kritzik assembled an eviction crew. But Ms. Scott and Mr. Amerson also hired a moving company to remove their remaining belongings from the home. On July 15, 2013, while the moving company was still at work, Gary Butler and James Lakomy (two Douglas County sheriffs), Mr. Fogler, and Mr. Kritzik's eviction crew arrived at the home. The sheriffs directed the hired movers to cease their activities so the eviction crew could remove the remaining belongings. Mr. Kritzik's crew then proceeded to remove Ms. Scott's and Mr. Amerson's belongings from the home to the driveway. Ms. Scott and Mr. Amerson allege that Mr. Kritzik's crew damaged their property.

### B. *Procedural History*

Ms. Scott and Mr. Amerson filed a pro se complaint in the District of Colorado on July 14, 2015 naming multiple defendants: David Weaver, Mr. Butler, and Mr. Lakomy (the Douglas County Sheriffs); Lawrence Castle of the Castle Firm; an unnamed real estate agent for FNMA; Chase; FNMA; American Mortgage Network; the Douglas County Public Trustee; John and/or Jane Does 1–50 and John and/or Jane Does 51–75 believed to have assisted the Douglas County Sheriffs. After retaining William Barnes, Ms. Scott and Mr. Amerson filed an amended verified

3

complaint on September 3, 2015. In the amended complaint, Ms. Scott and Mr. Amerson named six defendants: the three Douglas County Sheriffs; Mr. Castle; FNMA; and Does 1–10. Ms. Scott and Mr. Amerson alleged violations under 42 U.S.C. § 1983 of their civil rights, particularly the deprivation of a liberty interest and an unreasonable seizure of their property.

The Douglas County Sheriffs, FNMA, and Mr. Castle all filed motions to dismiss. Ms. Scott and Mr. Amerson responded to the Douglas County Sheriffs' and FNMA's motions but decided to voluntarily dismiss Mr. Castle. The district court then dismissed FNMA for failure to state a claim. After a hearing on the Douglas County Sheriffs' motion, the district court denied their motion.

Ms. Scott and Mr. Amerson then proceeded to depose Mr. Fogler and Mr. Kritzik. In August, Ms. Scott and Mr. Amerson replaced their attorney, Mr. Barnes, for a variety of reasons, including failure to diligently pursue their claims. Edward Levy, their counsel in other matters who had also been assisting Mr. Barnes here, found three other attorneys, Brandon Mark, Zachary Westerfield, and Logan Martin, to continue the suit.

After reviewing the actual damages suffered during the eviction, the attorneys encouraged Ms. Scott and Mr. Amerson to settle the case, and Mr. Mark sent Ms. Scott a proposed settlement offer for $4500. Ms. Scott expressed dismay at the low amount of the offer and discussed the proposal with Mr. Levy. After their conversation, Mr. Levy sent Ms. Scott an email to confirm their conversation— Mr. Mark would send the settlement offer of $4500 or accept a walk away in which

4

the parties would bear their own costs. On September 26, 2016, Mr. Mark sent the settlement offer to the Douglas County Sheriffs. The following morning, Ms. Scott told Mr. Mark to "proceed with the offer to settle," App. II at 97, but then twenty minutes later questioned whether she and Mr. Amerson would be bound by the settlement were the Douglas County Sheriffs to accept it.

Mr. Levy spoke with Ms. Scott and emailed Mr. Mark directing him to keep the offer open and to accept a counter-offer of a walk away. The Douglas County Sheriffs rejected the offer to settle for $4500 but were open to a walk away. Ms. Scott then sent an email to Mr. Mark authorizing him to agree to a walk away. Mr. Mark called counsel for the Douglas County Sheriffs and negotiated the walk away. The parties stipulated to dismissal with prejudice on September 29, 2016, and the district court issued an order of dismissal on October 3, 2016. The district court did not enter a separate judgment. Thus, the judgment was deemed entered 150 days after the order, on March 2, 2017. *See* Fed. R. Civ. P. 58(c)(2)(B).

Ms. Scott and Mr. Amerson filed a pro se motion to reopen judgment under Federal Rule of Civil Procedure 60(b) on March 21, 2017 and sought to again sue all defendants from their originally filed pro se complaint. They argued that they had not consented to the stipulated dismissal of the case and were instead misrepresented by their various attorneys. They further alleged that FNMA had lied about the relationship between Mr. Fogler and itself, and that their attorneys had engaged in a variety of improper actions both before and after the settlement.

5

The district court denied their motion for Rule 60(b) relief on July 10, 2017. It noted that Ms. Scott's and Mr. Amerson's "contentions assert an alarming array of allegations of attorney misconduct," but that those questions were better addressed in other forums. App. II at 389. The district court thus held that the allegations went beyond the grounds authorized by Rule 60(b) and denied relief. On July 24, 2017, Ms. Scott and Mr. Amerson then filed a motion for reconsideration under Rule 60(b) of the district court's July 10 order based on the same arguments as their original Rule 60(b) motion. The district court summarily denied their second motion on July 27, 2017.

Ms. Scott and Mr. Amerson filed their notice of appeal on August 25, 2017.

## II. DISCUSSION

### A. *Scope and Standard of Review*

Under Fed. R. Civ. P. 58(c)(2)(B), judgment was deemed entered here on March 2, 2017, and the district court denied their first Rule 60(b) motion on July 10, 2017. Thus, their notice of appeal, filed on August 25, 2017, is timely only as to the order denying their second Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within thirty days of the judgment or order being appealed). And their Notice of Appeal lists only the district court's order denying their second Rule 60(b) motion. "Federal Rule of Appellate Procedure 3(c)(1)(B) requires a notice of appeal to 'designate the judgment, order, or part thereof being appealed,' Fed. R. App. P. 3(c)(1)(B), and those designations circumscribe the scope of our appellate review." *HCG Platinum, LLC v. Preferred Product Placement Corp.*, 873 F.3d 1191,

6

1199 n.8 (10th Cir. 2017). Thus, our review is limited to the district court's order denying Ms. Scott's and Mr. Amerson's second Rule 60(b) motion, which we review for an abuse of discretion. *See Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018).

In reviewing the denial of this motion, we look only to "the district court's order denying the motion, and not the underlying judgment itself." *Id.* We must uphold the district court's ruling absent "a definite, clear or unmistakable error." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted). Thus, we will only reverse if we "find[] a complete absence of a reasonable basis and [are] certain that the decision is wrong." *Id.* (internal quotation marks omitted).

## B. *Analysis*

Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). And "a successive Rule 60(b) motion . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012. "Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In denying Ms. Scott's and Mr. Amerson's second Rule 60(b) motion, the district court did not address any of their arguments in this successive motion. However, they merely reiterated the arguments they initially raised in their first motion. And we are limited to reviewing the order denying the *second* Rule 60(b) motion, not the merits of the order denying their *first* Rule 60(b) motion. *See Jackson*, 880 F.3d at 1191. While the district court did not express the basis for its denial of the second Rule 60(b) motion, such a denial is not an abuse of discretion because Ms. Scott and Mr. Amerson only "reargue[d] an issue previously addressed by the court," which is not appropriate in successive Rule 60(b) motions. *See Servants of the Paraclete*, 204 F.3d at 1012; *see also Whitmore v. Mask*, 612 F. App'x 501, 504 (10th Cir. 2015) ("[W]e conclude that the district court did not err in denying Plaintiff's Rule 60(b) motion on the basis that it merely reiterated the arguments he had previously raised in his pro se filing on the motion to reopen.").

Ms. Scott and Mr. Amerson do not make any arguments in their briefs before us that the district court abused its discretion in denying their successive Rule 60(b) motion. Instead, Ms. Scott and Mr. Amerson have continued to argue the merits of their *first* Rule 60(b) motion and the merits of their original complaint, neither of which is properly before us. Because Ms. Scott's and Mr. Amerson's second Rule 60(b) motion repeated the same assertions that were raised and rejected in their first Rule 60(b) motion and because they have made no arguments that the district court abused its discretion in rejecting the second motion, we hold that the district court had a "reasonable basis" to summarily deny their second Rule 60(b) motion and did

8

not abuse its discretion. *See Zurich N. Am.*, 426 F.3d at 1289 (internal quotation marks omitted).[2]

## C. *Mr. Castle's Request for Attorney's Fees on Appeal*

Mr. Castle included in his appellate brief a request that this court award attorney's fees for work defending this appeal. Fed. R. App. P. 38 requires such a request to be made in a separate filing. "We must deny this request because [Mr. Castle] failed to file a separate motion or notice requesting sanctions." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 797 (10th Cir. 2011); Fed. R. App. P. 38.

> Rule 38 requires that before a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. A separately filed motion requesting sanctions constitutes notice. A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice.

*Abeyta*, 664 F.3d at 797 (quoting Fed. R. App. P. 38 advisory committee's note (1994 Amendment)).

## III. CONCLUSION

Because Ms. Scott and Mr. Amerson have not shown that the district court abused its discretion in denying their successive Rule 60(b) motion, we AFFIRM the district court.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] Because we lack jurisdiction to review the order denying their first Rule 60(b) motion, we do not address or consider the merits of Ms. Scott's and Mr. Amerson's underlying assertions that the stipulated dismissal was entered without their consent or that FNMA was dismissed from this case in error.

9